# REALTY HOLDING COMPANY *v.* DONALDSON.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 348.   Argued April 28, 1925.—Decided May 25, 1925.

1. An allegation that a defendant in the District Court is a "resident" of the State in which the suit is brought is not a sufficient allegation of citizenship there; but the defect is amendable when such citizenship is conceded; and on appeal the amendment will be considered as made rather than send the case back for that purpose.  P. 399.

2. A suit for specific performance of the covenants of a lease is a suit to recover upon a chose in action, within the meaning of Jud. Code,

§ 24, " First ", and cannot be maintained in the District Court on the ground of diverse citizenship if the plaintiff sues as assignee of the lease and seeks only such additional relief as is purely incidental to the main object.   P. 400.

294 Fed. 541, affirmed.

APPEAL from a decree of the District Court dismissing a bill for specific performance, for want of jurisdiction.

*Mr. John R. Rood,* for appellant.

*Mr. John C. Spalding,* with whom *Messrs. Sidney T. Miller, George L. Canfield, Lewis H. Paddock, Ferris D. Stone, Sidney T. Miller, Jr., Grant L. Cook, Joseph H. Clark, Harold H. Emmons, W. G. Bryant, George H. Klein, L. B. Gardner,* and *Frank L. Dodge* were on the brief, for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The jurisdiction of the court below was invoked upon the ground of diverse citizenship, Jud. Code, § 24, First; and the court dismissed the bill under the limiting clause contained in that subdivision: " No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."   294 Fed. 541.

The bill alleges that appellant is a Delaware corporation and appellee a " resident " of Michigan.   This is not a sufficient allegation of appellee's Michigan citizenship. *Robertson* v. *Cease,* 97 U. S. 646, 648; *Wolfe* v. *Hartford Life Ins. Co.,* 148 U. S. 389; *Oxley Stave Company* v.

*Butler County,* 166 U. S. 648, 655. It was, however, conceded by appellee in the court below, as well as here, that she was in fact a citizen of Michigan; and the court below assumed the point. Since the defect may be cured by amendment and nothing is to be gained by sending the case back for that purpose, we shall consider the amendment made and dispose of the case. *Norton* v. *Larney,* 266 U. S. 511, 515–516; *Howard* v. *De Cordova,* 177 U. S. 609, 614.

Shortly stated, the bill alleges that appellee was the owner of certain real property in Michigan which she had leased to the Clifford Land Company, a Michigan corporation; that the Clifford Land Company had undertaken to finance for appellee the erection of a building upon such property; that appellant had executed and delivered to appellee two conveyances of other real property in Michigan as security for the erection of such building in accordance with the promises of the land company; that appellee had violated the terms of the lease in certain particulars set forth; and that appellant, "in order to protect its rights and property in the premises" etc., procured an assignment to it from the land company of the said lease. The specific relief prayed is a decree for "specific performance by the said defendant of her said several undertakings" and for an injunction against interferences with appellant under the lease.

The assignor, being a Michigan corporation, could not have prosecuted the suit in a federal court if no assignment had been made. The phrase "to recover upon any . . . chose in action," under the decisions of this Court, includes a suit to compel the specific performance of a contract or otherwise to enforce its stipulations. *Corbin* v. *County of Black Hawk,* 105 U. S. 659, 665; *Shoecraft* v. *Bloxham,* 124 U. S. 730; *Plant Investment Co.* v. *Key West Railway,* 152 U. S. 71, 76; *New Orleans* v. *Benjamin,* 153 U. S. 411, 432. An examination

of the bill of complaint discloses that the suit is primarily
for a specific performance of the covenants of the lease.
Additional relief sought is purely incidental to this main
object. The case, therefore, falls within the doctrine of
the foregoing decisions, and the court below was right in
adjudging a dismissal. *Kolze* v. *Hoadley,* 200 U. S. 76,
83 *et seq.; Citizens Savings Bank* v. *Sexton,* 264 U. S.
310, 314.

The cases relied upon by appellant are not in point.
*Brown* v. *Fletcher,* 235 U. S. 589, was a suit against a
trustee by an assignee to recover an interest in an estate
under an assignment by the *cestui que trust.* This Court
held that the relation between trustee and *cestui que trust*
was not contractual; that the rights of the beneficiary
depended upon the terms of the will creating the trust;
and that a suit by the beneficiary or his assignee against
the trustee for the enforcement of rights in and to the
property held for the benefit of the beneficiary could not
be treated as a suit on a contract or a chose in action.
The Court then said (p. 599): " The beneficiary here had
an interest in and to the property that was more than a
bare right and much more than a chose in action. For
he had an admitted and recognized fixed right to the
present enjoyment of the estate with a right to the corpus
itself when he reached the age of fifty-five. His estate in
the property thus in the possession of the trustee, for his
benefit, though defeasible, was alienable to the same
extent as though in his own possession and passed by
deed. [Citing cases.] The instrument by virtue of
which that alienation was evidenced,—whether called a
deed, a bill of sale, or an assignment,—was not a chose
in action payable to the assignee, but an evidence of the
assignee's right, title, and estate in and to property.
Assuming that the transfer was not colorable or fraud-
ulent, the Federal statutes have always permitted the
vendee or assignee to sue in the United States courts to

recover property or an interest in property when the requisite value and diversity of citizenship existed."

*Crown Orchard Co.* v. *Dennis,* 229 Fed. 652, was a suit by the grantee of standing timber to enjoin the cutting and conversion of the timber,—in effect, a suit to prevent waste. There was no attempt to enforce any contractual obligation; and the court very naturally held that the case did not fall within the exception in § 24 of the Judicial Code. It was expressly assumed by the court that if the suit had been to enforce a contract or for specific performance, the rule would have been otherwise.

The distinction is between a cause of action arising out of the ownership or possession of property transferred by the assignment of a contract,—in which case the remedy accrues to the person who has the right of property or of possession at the time,—and a suit to enforce the obligations of the assigned contract. *Deshler* v. *Dodge,* 16 How. 622, 631; *Ambler* v. *Eppinger,* 137 U. S. 480. The present suit falls within the latter class. It is brought, not to recover property or to redress an injury to property which appellant had acquired through an assignment of a lease, but to enforce contractual obligations of the lease. No direct relief is sought in respect of appellant's lands conveyed as security, and they are affected only collaterally and incidentally. See *Kolze* v. *Hoadley, supra.*

*Judgment Affirmed.*