Calvin C. SMITH, Plaintiff,

v.

DEALERS TRANSIT, INC., and John Serafin, Defendants.

Mrs. Louise SMITH, Plaintiff,

v.

DEALERS TRANSIT, INC., and John Serafin, Defendants.

Civ. A. Nos. 1818, 1819.

United States District Court
E. D. Tennessee,

Northeastern Division.

Feb. 4, 1965.

Hyder & Jenkins, Rogersville, Tenn., J. Edward Hyder, Rogersville, Tenn., of counsel, for plaintiffs.

Brantley Blue, Kingsport, Tenn., for defendants.

NEESE, District Judge.

■ These actions were removed to this court from a state court as diversity actions. At the pretrial conference, as it is required to do, McNutt v. General Motors Acceptance Corp. (1936), 298 U. S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, 1141 (headnote 3), this Court began considering whether the jurisdiction of the state court was ever divested.

■ Removal statutes must be strictly construed. " * * * The power reserved to the states under the Constitution to provide 'for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined'. * * *" Shamrock Oil & Gas Corp. v. Sheets (1941), 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, 1219 (headnote 4).

The removal petitions herein aver that the respective plaintiffs were, at the time of the removals citizens of Tennessee, respectively; that the corporate defendant was, at the time of the removals, an Illinois corporation, not incorporated by Tennessee, with its principal place of business in Illinois; and that the individual defendant was, at the time of the removals, a citizen of Mississippi. These allegations appear to establish the essential facts of diversity of citizenship at the time of removal, as contemplated by 28 U.S.C. § 1441(b), which governs these actions, and Sec. 1332(a) (1) and (c).

■ However, the removal petitions are defective in that they do not allege the citizenship of either the corporate or the individual defendants at the time these actions were commenced. " * * * The sum of [a line of Supreme Court] * * * decisions * * * certainly is that such allegation[s] of citizenship of [the parties] at the date of commencing [the] suit[s] in the state court as to demonstrate that [they were] not, at that moment, [citizens] of the same state as the other party, is of the essence of jurisdiction, and being so essential, [their] absence can neither be overlooked nor supplied by inference nor cured by amendment. * * *" La Belle Box Co. v. Stricklin, C.C.A.6th (1914), 218 F. 529, 533 [5, 6].[1]

1. The force of this authority is not diminished by the allowance of a corrective amendment by the appellate court long after the case had been tried and while it was being considered on appeal.

■■ Defective allegations of jurisdiction may be amended in federal courts any time such courts possess the jurisdiction to allow such amendments. 28 U.S.C. § 1653; but, after the expiration of the 20-day period allowed for the removal procedure, 28 U.S.C. § 1446(b), federal courts lack jurisdiction to grant an amendment to supply missing allegations of jurisdiction: only amendments to cure defective allegations may then be allowed. Bradford v. Mitchell Brothers Truck Line, et al., D.C.Cal. (1963), 217 F.Supp. 525; Franks v. City of Okemah, Okla., D.C.Okl., (1959), 175 F.Supp. 193. Where specific allegations of citizenship are inadequate to confer diversity jurisdiction, a federal court may acquire jurisdiction for amendment purposes from allegations in the record which negate completely the possibility that the plaintiff (or plaintiffs) and the defendant (or defendants) are citizens of the same state. Evans-Hailey Company v. Crane Company, D.C.Tenn. (1962), 207 F.Supp. 193, 202 [8].

■■ It is alleged elsewhere than in the removal petitions in these records that at the time of the commencement of these actions the corporate defendant was a Chicago corporation and that the individual defendant was a resident of Mississippi. It is reasonably inferable therefrom that the corporate defendant was then incorporated in Illinois and that the individual defendant was not a resident of Tennessee. Apart from the rule that the absence of proper allegations of citizenship at the time of the commencement of these actions cannot be supplied by inference, La Belle Box Co. v. Stricklin, supra, it is not reasonably inferable from the removed records that, at the time of the commencement

of these actions, the corporate defendant was not incorporated also by Tennessee and did not have its principal place of business in Tennessee, nor that the individual defendant was not a citizen of Tennessee, although a resident of Mississippi.[2] The fact that service of process was had on the defendants through the Tennessee secretary of state, indicating that the defendants were not then Tennessee residents, is likewise an insufficient allegation of citizenship; because such service is only one method of procuring service and not necessarily the exclusive one. Eubanks v. Krispy Kreme Donut Co., D.C.Tenn. (1961), 208 F. Supp. 479 [4].

■■ The necessary allegations as to the diversity of citizenship of the parties at the time of the commencement of these actions, accordingly, do not appear from the respective records in these actions, and the time for supplying corrective amendments as to missing allegations has elapsed. F. & L. Drug Corp. v. American Central Ins. Co., D.C.Conn. (1961), 200 F.Supp. 718. Therefore, this Court's jurisdiction is limited to a determination of its own jurisdiction and the power to remand the actions to the state court whence they came if it appears that the actions were removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c); In Re MacNeil Bros. Co., C.A. 1st (1958), 259 F.2d 386; McMahon v. Fontenot, D.C.Ark. (1963), 212 F.Supp. 812; Orleans Materials & Equipment Co. v. Isthmian Lines, Inc., D.C.La. (1963), 213 F.Supp. 325.

It does appear to the Court that these actions were removed improvidently and without jurisdiction, and an order of remand of the actions is being entered.

---

**2.** Allegation of a party's residence is not a sufficient allegation of his citizenship. Realty Holding Company v. Donaldson (1925), 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014, 1015.