JOHN BIRCH SOCIETY, a corporation, Plaintiff-Appellant,

v.

NATIONAL BROADCASTING COMPANY, a corporation, and National Broadcasting Company News, a corporation, Defendants-Appellees.

Robert WELCH, Laurence E. Bunker and MacDonald Hays, Plaintiffs-Appellants,

v.

NATIONAL BROADCASTING COMPANY, a corporation, and National Broadcasting Company News, a corporation, Defendants-Appellees.

Nos. 342, 343, Docket 30977, 30978.

United States Court of Appeals Second Circuit.

Argued Feb. 24, 1967.

Decided May 2, 1967.

**196**

J. P. Tonkoff, Yakima, Wash. (Ned W. Kimball, Waterville, Wash., and Sol Lefkowitz, New York City, on the brief), for plaintiffs-appellants.

C. G. Eldridge, Jr., New York City (Coudert Brothers and Gordon T. King, New York City, on the brief), for defendants-appellees.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

ANDERSON, Circuit Judge.

These are appeals from judgments in two separate cases. The appellant, John Birch Society, a corporation, brought one action, and the individual appellants, Robert Welch, Laurence E. Bunker and MacDonald Hays, who were officers of the Society, brought the other, in the United States District Court for the Northern District of Texas against the National Broadcasting Company and National Broadcasting Company News (as National Broadcasting Company News is non-existent, reference is to one defendant hereinafter called NBC) alleging that they had been libelled during a nationwide broadcast of the defendant's network newscast program, known as The Huntley-Brinkley show. The gravamen of each complaint was:

"That on May 20, 1964, the said Huntley-Brinkley, newscasters, for the purpose of ruining [plaintiffs'] reputation and exposing [plaintiffs] to public hatred, contempt, ridicule and obloquy and depriving them of public confidence and embarrassing them publicly, did maliciously broadcast over the defendant's corporation network of and concerning the [plaintiffs], false and untrue matters knowing the same to be false and untrue, which were in substance: that the Federal Bureau of Investigation had arrested certain parties who were engaged in the selling of arms and ammunition, unlawfully and feloniously acquired to The John Birch Society, a corporation, and other caluminous statements which did degrade and irreparably injure the [plaintiffs'] reputation throughout the United States and elsewhere."

Each complaint sought to base jurisdiction on diversity of citizenship and claimed compensatory damages of $1,000,000 and punitive damages of $1,000,000. The allegations of citizenship in the Society's complaint were as follows:

"At all times mentioned herein plaintiff was and is a corporation organized and existing elsewhere than the State of Texas. * * *

That Defendant, National Broadcasting Company * * * [is] now and [was] at all times mentioned herein [a] foreign private corporation incorporated under the laws of a State other than the State of Texas. * * * *"

The corresponding allegations in the complaint of the individual appellants alleged:

"That the Plaintiff, Robert Welch, is a resident of the State of Massachusetts * * *

That the Plaintiff, Laurence E. Bunker, is a resident of the State of Massachusetts * * *

That the Plaintiff, MacDonald Hays, is a resident of the State of Texas * * *

That Defendant, National Broadcasting Company * * * [is] now and [was] at all times mentioned herein [a] foreign private corporation incorporated under the laws of a State other than the State of Texas."

■ NBC moved before the district court in Texas to dismiss the complaints on the ground that service of process had been insufficient, but the motion was denied. On the same date, November 29, 1965, "upon the agreement and joint request of the parties," the court issued an order for a change of venue pursuant to the Act of June 25, 1948, 62 Stat. 937, 28 U.S.C. § 1404(a) (1959),[1] and the actions were transferred to the United States District Court for the Southern District of New York. There NBC moved to dismiss both complaints on numerous grounds.[2] The motion was argued on June 9, 1966 before Judge Cannella and, on September 14, 1966, he filed a memorandum opinion granting the motion as to both complaints because they failed to state a claim upon which relief could be granted[3] and because the court lacked subject matter jurisdiction over the Society's complaint, which was dismissed,

however, without prejudice to the filing of an amended complaint within twenty days, i. e., to and including October 4th. On October 11, 1966, no amendment having been made within the time allowed, judgment was entered finally dismissing both complaints. On November 4, 1966, Judge Cannella denied an application for an order permitting the plaintiffs to replead, and notice of appeal to this court was filed in both actions. We affirm on the ground that the complaints do not demonstrate the existence of subject matter jurisdiction.

■ As these actions are sought to be based only upon 28 U.S.C. § 1332, diversity of citizenship must be apparent from the pleadings. It is elementary that all of the plaintiffs must be of citizenship diverse to that of all of the defendants. Hart & Wechsler, The Federal Courts and the Federal System, 901 (1953).

■ Considering separately the complaint of the John Birch Society, the allegations of citizenship which it contains, as noted by the district judge, demonstrate only that neither of the parties was a citizen of Texas and were inadequate to support jurisdiction under 28 U.S.C. § 1332.

Nevertheless, in dismissing the complaint, the district judge gave the So-

---

1. 28 U.S.C. § 1404(a) provides:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. The grounds urged for dismissal were: (1) the statement complained of was not libelous per se, and no special damages were pleaded, (2) no innuendo was pleaded, (3) the statement was not libelous, (4) the statement was conditionally privileged under the First Amendment of the United States Constitution, as interpreted in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), (5) the statement was not "of and concerning" the individual plaintiffs, and (6) the complaint of the John Birch Society did not demonstrate the existence of diversity of citizenship among the parties.

3. The dismissal of these actions on jurisdictional grounds should not be construed to imply affirmance of the substantive grounds for dismissal adopted by the District Court, particularly with respect to the sufficiency of the complaint in stating a good cause of action under New York law, see Hinsdale v. Orange County Publications, Inc., 17 N.Y.2d 284, 270 N.Y.S. 2d 592, 217 N.E.2d 650 (1966), or the underlying assumptions that the cases should be treated as having originated in the Southern District of New York rather than in the Northern District of Texas, see Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and that on this basis the substantive law of New York would apply. Zuck v. Interstate Publishing Corp., 317 F.2d 727, 734, n. 12 (2 Cir. 1963). Cf. James v. Powell, 19 N.Y.2d 249, 279 N.Y.S.2d 10, 225 N.E.2d 741 (1967).

ciety a fair opportunity to correct its omission; but no amendment was offered within that period, nor was any application made to the court for a further extension of time within which to do so. It was not until November 1, 1966, twenty-one days after the judgment had been entered against the Society, that it asked that the judgment be reopened and that it be granted leave to amend its complaint; the trial court denied the motion. The only amendment offered to correct the jurisdictional allegation was the following:

"That the plaintiff, John Birch Society, a corporation, is a corporation organized and existing under and by virtue of the laws of the State of Massachusetts, and does not do business in the State of New York.

That the defendant, National Broadcasting Company, a corporation, was organized and existing under and by virtue of the laws of the State of Delaware, doing business in the State of New York."

■ Even if this amendment had been allowed, it still would not, strictly speaking, have been sufficient to establish subject matter jurisdiction, because it does not negative the possibility that NBC might have its principal place of business in Massachusetts, see George v. Douglas Aircraft Co., 332 F.2d 73, 74 n. 1 (2 Cir.) cert. denied 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964); Dining Car Employees Local No. 385 v. Chicago, Milwaukee, St. Paul & Pacific R. R. Co., 323 F.2d 224, 226 (7 Cir. 1963); Fine v. Philip Morris, Inc., 239 F.Supp. 361, 364–365 (S.D.N.Y.1964), and thereby be deemed a citizen of that State. See 28 U.S.C. § 1332(c).[4]

■ What this court must first consider, however, is whether the trial court, after pointing out the Society's errors in its jurisdictional allegation and after

it had afforded the Society a reasonable time within which to amend (which was ignored), abused its discretion in denying the appellant's petition. This must be tested on the basis of the representations made to the district judge in support of the motion. The sole ground urged by the Society was that its failure to file an amended pleading within the time allowed was the result of excusable delay. More particularly, it asserted that the proposed amended pleading was mailed from Yakima, Washington, where appellant's counsel resides, on October 5, 1966 and, because of some unexplainable delay in the mails, did not arrive in New York until October 13th. It is apparent, however, that even if difficulties with the mail could be considered grounds for excusable delay, they would not provide a legitimate excuse in this case, because the alleged date of mailing, October 5th, was *after* the period for repleading had elapsed. As no other ground was presented by the Society in support of its motion and in view of the fact that the defects in the allegations were pointed out to appellant at least as early as February 7, 1966, when NBC first moved to dismiss the complaints, we conclude that the district judge did not abuse his discretion in denying leave to amend.

■■ The Society now petitions this court pursuant to authority provided in 28 U.S.C. § 1653,[5] to permit it to amend its jurisdictional allegation now so that it will read as follows:

"That the plaintiff, John Birch Society, is a Corporation existing under the laws of the State of Massachusetts and having its principal place of business in the State of Massachusetts."

Otherwise it would apparently leave its complaint as it is. An application under § 1653 is, of course, addressed to the discretion of the court, and usually the section is to be construed liberally to

---

4. "For the purposes of this section * * * a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *."

5. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist. See, e. g., Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 234 F.2d 253, 258 n. 6 (2 Cir. 1956); Moore v. Coats Co., 270 F.2d 410, 412 (3 Cir. 1959); Mantin v. Broadcast Music, Inc., 248 F.2d 530 (9 Cir. 1957). Where, however, as in the present case, the district court has pointed out the defects in the complaint and has afforded a plaintiff a reasonable time to amend and the plaintiff, with the intention to delay, has not done so, the appellate court will not allow the plaintiff-appellant leave to amend. Joy v. Hague, 175 F.2d 395 (1 Cir. 1949); Kataoka v. May Department Stores Co., 115 F.2d 521 (9 Cir. 1940) cert. denied 312 U.S. 700, 61 S.Ct. 739, 85 L.Ed. 1134 (1941); Harris v. American Legion, 162 F.Supp. 700, 712 (S.D.Ind.) aff'd 261 F.2d 594 (7 Cir. 1958).

■ Moreover, this court is in no position to do so, because there is still nothing in the pleadings or on the record to negative the possibility that the plaintiff and defendant are citizens of the same state. Cf. Troupe v. Chicago, Duluth & Georgian Bay Transit Co., supra. The dismissal of the Society's complaint is therefore affirmed.

■ Much of what has been said about the Society's complaint applies also to that of the individual appellants. NBC's motion did not allege lack of subject matter jurisdiction as one of the grounds for dismissal, and the district judge dismissed only for failure to state a claim. Because of the limited jurisdiction of the federal courts, however, it is incumbent upon this court to raise the question of subject matter jurisdiction *sua sponte* whenever it appears from the pleadings or otherwise that jurisdiction is lacking. Louisville & Nashville R. R. Co. v. Mottley, 211 U.S. 149, 29

S.Ct. 42, 53 L.Ed. 126 (1908); Beck v. Miriani, 293 F.2d 333, 335 (6 Cir. 1961); Rule 12(h) (2), Fed.R.Civ.P.

■ The jurisdictional allegations neither negative the possibility that absolute diversity of citizenship may be lacking nor state the citizenship of the plaintiffs. As to the second point, it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens. See Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893); Realty Holding Co. v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014 (1925). Such a defect can be cured by this court if there is anything on the record from which actual citizenship may be determined. See National Farmers Union Property & Cas. Co. v. Fisher, 284 F.2d 421 (8 Cir. 1960); cf. Sun Printing & Publishing Association v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027 (1904). But we have found nothing in the record of this case on which to make such a correction.

■ There is a proposed amended pleading which the appellants sought leave to file in the district court at the same time that the Society made its motion to amend.[6] Under the circumstances we do not think that the trial judge abused his discretion in denying the appellants' motion. The proposed amended pleading failed to correct the deficiencies in the jurisdictional allegations relating to the plaintiffs and the defendant; it still did not allege the citizenship of the plaintiffs or negate the possibility that NBC's principal place of business coincided with that of the citizenship of one of them. The complaint must therefore be dismissed for lack of subject matter jurisdiction.

Judgments of dismissal affirmed.

---

6. The proposed amended complaint reiterated the jurisdictional allegation of the original complaint, except that it alleged that:

"The defendant, National Broadcasting Company, is a corporation existing under and by virtue of the laws of the State of Delaware."