Geraldine GORMAN et al., Plaintiffs,

v.

Allen KING, Defendant.

No. 70–C–145.

United States District Court,
E. D. Wisconsin.

Sept. 14, 1970.

Eisenberg, Kletzke & Eisenberg, Milwaukee, Wis., for plaintiffs.

Bridges & Collins, by E. Nickolas Bridges, Negaunee, Mich., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs are allegedly eight of twelve descendents of one Fred King to whom a parcel of real estate in the state of Michigan apparently passed upon Fred King's death. In their second amended complaint, they allege that the defendant, a citizen of Michigan, has refused to allow their entry upon the property, has refused to permit an appraisal of the property, and has used the property as a camp without any payment or accounting to them. The complaint asks for an order requiring the defendant to sell the property and to account to and reimburse the plaintiffs for the allegedly illegal use of the land.

The defendant moved to dismiss shortly after the original complaint was filed. After the second amended complaint was filed pursuant to this court's order of May 15, 1970, the defendant "reaffirmed" his motion to dismiss.

■ This court's jurisdiction apparently is predicated upon diversity of citizenship under 28 U.S.C. Sec. 1332, although no allegation to that effect is in-

cluded in the complaint. The defendant urges that since several "necessary" persons have not been joined as plaintiffs, this court lacks jurisdiction. In my opinion, the pleadings in their present form do not show that there has been a failure to join "indispensable" parties within the context of Rule 19(b), Federal Rules of Civil Procedure; thus, the court has jurisdiction of this action. Cf. Boris v. Moore, 152 F.Supp. 602, 608 (E. D.Wis.1957); 3A Moore's Federal Practice, par. 19.05(2) n. 6, at 2208 (1969).

■ Having decided that it has jurisdiction, the court should now consider the question of the propriety of the venue. Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963); Calcote v. Texas Pacific Coal & Oil Co., 157 F.2d 216 (5th Cir. 1946), cert. denied, 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671 (1946), rehearing denied, 329 U.S. 830, 67 S.Ct. 356, 91 L.Ed. 704 (1946); Vogel v. Tenneco Oil Co., 276 F.Supp. 1008 (D.D.C.1967).

Paragraph II of the second amended complaint inexplicably refers to the death of one Celina King, the alleged owner of the fee; the pleadings do not describe the plaintiffs' relationship to Celina King. The complaint is also unclear as to the capacity in which the heirs of Fred King took the property which is the subject of this action. The plaintiffs state that the property "descended" to them and "Exhibit A" which is attached to the second amended complaint indicates that six of the plaintiffs were given undivided ⅙ interests in the property.

■ The defendant's argument that the venue of this action is improper, however, must be sustained. 28 U.S. C. Sec. 1391(a), provides:

"A civil action wherein jurisdiction is founded only on diversity of citizen-

ship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claims arose."

In my opinion, Sec. 1391(a) prohibits the bringing of this action in the eastern district of Wisconsin, since the plaintiffs reside in the states of New York, Washington and Wisconsin, while the sole defendant is a resident of Michigan. In addition, Sec. 1391 applies only to transitory actions, while the present action appears to be one of a local nature. 1 Moore's Federal Practice, par. 0.142(2.-1) n. 4, at 1454 (1964). Local actions can be brought only in the district in which the land is located. Whether the action is deemed local or transitory, venue here is not proper.

In 1966, Sec. 1391(a) was amended by the addition of the phrase "or in which the claim arose". In the present case, it would appear clear that the plaintiffs' claim did not arise in the eastern district of Wisconsin. In a motion filed on September 14, 1970 requesting a change of venue, the plaintiffs pointed out that the property in question is situated in Michigan.

28 U.S.C. Sec. 1406(a) states:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Under all the circumstances, I believe that dismissal and not a change of venue is appropriate under that statute.

Therefore, it is ordered that the plaintiffs' second amended complaint be and hereby is dismissed without prejudice.

It is also ordered that the plaintiffs' motion to change the venue be and hereby is denied.