**Rosalie GIVENS et al., Plaintiffs-Appellants,**

v.

**W. T. GRANT COMPANY, Defendant-Appellee.**

**No. 415, Docket 71–1872.**

United States Court of Appeals, Second Circuit.

Argued Jan. 4, 1972.

Decided March 17, 1972.

As Modified May 22, 1972.

William H. Clendenen, Jr., New Haven, Conn. (David M. Lesser, Stuart Bear and Frank Cochran, New Haven, Conn., on the brief), for plaintiffs-appellants.

William J. Egan, New Haven, Conn. (John Q. Tilson, Jr., J. Michael Eisner and Wiggin & Dana, New Haven, Conn., on the brief), for defendant-appellee.

R. Patrick Maxwell and Donald Gartman, Washington, D. C., *for The National Legal Aid And Defender Association as Amicus.*

Before HAYS, MANSFIELD and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

■ Plaintiffs brought this action in the Court of Common Pleas of the State of Connecticut, New Haven County, on their own behalf and on behalf of a class purported to consist of all persons who had entered into retail installment sales contracts with defendant W. T. Grant Company for the purchase of coupon books. Plaintiffs sought a declaratory judgment that the contracts in question were usurious and unconscionable; injunctions against Grant's entering into further such contracts and from making collections on existing contracts; and actual and punitive damages, attorneys' fees and costs. Grant removed the action to the United States District Court for the District of Connecticut. The District Court, Robert C. Zampano, District Judge, approving and adopting a recommended decision of Arthur H. Latimer, United States Magistrate,[1] dismissed that portion of the complaint which alleged a class action. For the reasons stated below, we vacate the order of the District Court and dismiss the complaint for lack of subject matter jurisdiction.[2]

■ The jurisdiction of the District Court was invoked pursuant to 28 U.S.C. § 1332(a) (1) (1970). Diversity of citizenship and requisite jurisdictional amount were alleged. Diversity does exist; but, to predicate jurisdiction on this statute, the amount in controversy, exclusive of interest and costs, must exceed $10,000. Here each plaintiff's claim for actual damages is far short of the jurisdictional amount.[3] Moreover, it

1. The record in this case reflects a commendable utilization by the Judges of the Connecticut District Court of the services of the full-time United States Magistrate for that District, in conformity with the Federal Magistrates, Act, 28 U.S.C. § 636(b) (1970), and rules promulgated thereunder by the Connecticut Judges.

2. It is incumbent upon us independently to examine the jurisdictional underpinnings of an action, whether or not any question of subject matter jurisdiction is raised by the parties in the district court or on appeal, Leather's Best, Inc. v. SS. Mormaclynx, 451 F.2d 800, 807 (2 Cir. 1971); Ryan v. J. Walter Thompson Co., 453 F.2d 444, 446 (2 Cir. 1971), cert. denied, — U.S. —

(1972); Gem Corrugated Box Corp. v. National Kraft Container Corp., 427 F.2d 499, 501 n. 1 (2 Cir. 1970); and this is especially so whenever it appears from the pleadings or otherwise that jurisdiction may be lacking. John Birch Society v. National Broadcasting Co., 377 F.2d 194, 199 (2 Cir. 1967); Hackner v. Guaranty Trust Co., 117 F.2d 95, 97 (2 Cir.), cert. denied, 313 U.S. 559 (1941); Clark v. Paul Gray, Inc., 306 U.S. 583, 588 (1939).

3. Each plaintiff claims damages in the sum of all amounts of money actually paid to Grant pursuant to a sales contract for the purchase of coupon books. While the record does not show the exact amount each plaintiff paid, depositions disclose that most plaintiffs purchased coupon books with a total value

is clear that plaintiffs cannot satisfy this jurisdictional requirement by aggregating the separate and distinct claims of members of the class, the Supreme Court having held that separate and distinct claims asserted by and for numerous claimants in a class action cannot be aggregated to satisfy the jurisdictional amount requirement for diversity actions. Snyder v. Harris, 394 U.S. 332, 336–37 (1969).[4]

On the face of the pleadings it appears at first blush that plaintiffs might overcome the obstacle that the jurisdictional amount requirement cannot be satisfied by aggregating claims, since each plaintiff has alleged $15,000 in punitive damages. See Bell v. Preferred Life Assurance Society, 320 U.S. 238, 239–40 (1943). Even if plaintiffs were entitled to punitive damages, however, it is well established under Connecticut law that such damages are limited to the amount of a plaintiff's actual litigation expenses less taxable costs. Collens v. New Canaan Water Co., 155 Conn. 477, 488, 234 A.2d 825, 831–32 (1967); Triangle Sheet Metal Works v. Silver, 154 Conn. 116, 127, 222 A.2d 220, 225 (1966); Vogel v. Sylvester, 148 Conn. 666, 673, 174 A.2d 122, 126 (1961); Tedesco v. Maryland Casualty Co., 127 Conn. 533, 538, 18 A.2d 357, 359 (1941). Here plaintiffs are represented by attorneys on the staff of the New Haven Legal Assistance Association (New Haven LAA), a nonprofit organization funded by the federal government, the state government and private contributions. As a result, plaintiffs are paying at most only a few dollars for legal representation. Plaintiffs' litigation expenses therefore are minimal and do not remotely approach the $10,000 jurisdictional requirement. Moreover, the statutes[5] which plaintiffs allege have been violated do not provide for punitive damages. Thus, it appears to a legal certainty that none of the plaintiffs can recover punitive damages in an amount which exceeds $10,000.

In addition to punitive damages, plaintiffs also sought reasonable attorneys' fees. However, it is settled that such fees may not properly be included in determining the jurisdictional amount unless they are recoverable as a matter of right. See Wright, Federal Courts § 35, at 119 (1970); 1 Moore's Federal Practice ¶ 0.99 [2] (2d ed. 1964). In the absence of a contract or statutory authority, neither of which is to be found here, plaintiffs cannot recover attorneys' fees in addition to punitive damages. See Triangle Sheet Metal Works v. Silver, supra, 154 Conn. at 119 and 127, 222 A.2d at 221 and 225; Maisenbacker v. Society Concordia, 71 Conn. 369, 378, 42 A. 67, 70 (1899). Moreover, there is no Connecticut or federal statutory authority which entitles plaintiffs' counsel, a nonprofit legal services organization, to a direct award of attorneys' fees.

It therefore appears to a legal certainty that the amount in controversy does not exceed $10,000. See Gray v. Occidental Life Insurance Co., 387 F.2d 935, 936 (3 Cir.), cert. denied, 391 U.S. 926 (1968); Arnold v. Troccoli, 344 F.2d 842, 845 (2 Cir. 1965).

Accordingly, we vacate the order of the District Court and dismiss the complaint for lack of subject matter jurisdiction. No costs.

---

of less than $500, and none purchased coupon books with a total value that exceeded $1500.

4. While concededly *Snyder* bars aggregation of claims in class suits pursuant to Fed.R.Civ.P. 23(b) (3), in view of appellants' argument made on rehearing we hold that separate and distinct claims may not be aggregated in a class suit pursuant to Fed.R.Civ.P. 23(b) (2) for purposes of satisfying the $10,000 jurisdictional amount requirement of 28 U. S.C. § 1332. Snyder v. Harris, *supra*;

Rosado v. Wyman, 414 F.2d 170, 176 (2 Cir.), reversed on other grounds, 397 U.S. 397 (1969); Russo v. Kirby, 453 F.2d 548, 551 (2 Cir. 1971); Lonnquist v. J. C. Penney Company, 421 F.2d 597 (10 Cir. 1970).

5. Plaintiffs' complaint alleged that Grant's coupon credit contracts violated the following statutory provisions: Conn.Gen. Stat. §§ 36–236, 37–4, 42–115a and 115d, 42a–1–203 and 42a–2–302 (Rev.1958, Supp.1970).