**John M. FLOOD, M. D., Plaintiff,**

**v.**

**John MARGIS, Jr., et al., Defendants.**

**No. 70–C–110.**

United States District Court,
E. D. Wisconsin.

Dec. 26, 1972.

John M. Flood, pro se.

Prosser, Zimmermann, Wiedabach, Koppa & Lane, by John E. Feldbruegge, Milwaukee, Wis., for Hostak.

Harold D. Gehrke, Corp. Counsel, by Dennis J. Flynn, Asst. Corp. Counsel, Racine, Wis., for Blessinger.

Foley & Capwell, by David J. Nolden, Racine, Wis., for other defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In its decision and order of January 15, 1971, this court denied the plaintiff's motion for summary judgment and granted the defendants' motion for dismissal of the action. 322 F.Supp. 1086 (E.D.Wis.1971). The dismissal of the action was predicated upon a finding that the Civil Rights Act, 28 U.S.C. § 1343, 42 U.S.C. §§ 1981, 1982, 1983, 1985, does not protect property interests, and that the complaint therefore failed to state a claim upon which relief may be granted.

The court of appeals reversed this court's ruling as to all defendants except defendants Hostak and Blessinger; the dismissal as to those defendants was affirmed. 461 F.2d 253 (7th Cir. 1972). The court also affirmed the dismissal of the defendant Town of Caledonia insofar as jurisdiction was claimed under 42 U.S.C. § 1983 but remanded to the district court for determination whether the complaint properly alleged a federal question or diversity jurisdiction as to the defendant Town of Caledonia.

I find that the complaint has not properly set forth a basis for diversity jurisdiction over the defendant Town of Caledonia. A district court has diversity jurisdiction over a civil action pursuant to 28 U.S.C. § 1332(a) when, among other things, the controversy is between citizens of different states. The complaint alleges that the plaintiff resides at 10122 Kaimu Drive, Huntington Beach, California, but it does not allege the citizenship of the plaintiff. Residence is not the equivalent of citizenship; citizenship may not be inferred from an allegation as to place of residence. Realty Holding Company v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.

Ed. 1014 (1925); Chicago Stadium v. Indiana, 220 F.2d 797 (7th Cir. 1955); 2A Moore's Federal Practice, ¶ 8, 10 (1968).

With regard to federal question jurisdiction, I believe that the complaint does state a cause of action against the Town of Caledonia. The gravamen of the complaint as to the defendant town is that the Town of Caledonia arbitrarily raised mobile home parking permit fees and arbitrarily refused to renew the plaintiff's mobile home park license. Taking the allegations of the complaint as true, as we must do for the purposes of a motion to dismiss, this conduct would appear to violate the due process clause of the fourteenth amendment. Home Telephone and Telegraph Company v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1912).

Because of the earlier dismissal of the action by this court, the plaintiff's motion for summary judgment as well as the defendants' motion for increased security and to abate this action were never considered by the court. They will now be resolved.

The plaintiff's motion for summary judgment must be denied. Rule 56, Federal Rules of Civil Procedure, authorizes the granting of summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. No answer has been filed in this action by the defendants, but both the plaintiff and the defendants have filed affidavits with the court. My examination of such affidavits persuades me there are issues of material fact which must be determined.

The defendants' motion to abate these proceedings pending the determination of related state court actions should be denied. The record does not demonstrate that there is complete identity of issues in the two cases or that resolution of the state court proceedings would terminate the instant lawsuit. See Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

■ The defendants' motion for increased security for cost will be denied. The plaintiff is a non-resident of this forum and pursuant to local court rule 2(a), he was required to give security for costs in the amount of $200.00 at the time of the filing of the complaint. In my opinion, the posting of additional security is not warranted.