Joseph J. ATTWELL, Plaintiff,

v.

CITY OF CHICAGO, a municipal corporation, et al., Defendants.

No. 73–C–22.

United States District Court,
E. D. Wisconsin.

March 16, 1973.

Leonard V. Brady, Milwaukee, Wis., for plaintiff.

Edwin A. Gausselin, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action, a Milwaukee attorney, owns certain real estate situated within the City of Chicago, Illinois. This action arises out of the alleged unlawful trespass upon the plaintiff's property by Chicago building inspectors making a building code inspection. The plaintiff seeks money damages, injunctive relief, and a declaratory judgment that chapter 39, section 9 of the municipal code of Chicago is facially unconstitutional. Jurisdiction is claimed under 28 U.S.C. §§ 1332 and 1343.

There are two motions before the court. The plaintiff seeks temporarily to restrain the defendants from making further inspections for building code violations; the defendants have moved for a change of venue to the northern district of Illinois.

■■■ The plaintiff has failed properly to plead diversity jurisdiction; paragraph 5 of his complaint alleges only that he is a citizen of the United States and resides in Milwaukee, Wisconsin. Nowhere in the complaint is there an allegation that the plaintiff is a citizen of a particular state. Residence is not the equivalent of citizenship; and citizenship may not be inferred from an allegation as to residence. Realty Holding Company v. Donaldson, 268 U.S. 398,

45 S.Ct. 521, 69 L.Ed. 1014 (1952); Flood v. Margis, 353 F.Supp. 400 (E.D. Wis., decided December 26, 1972); 2A Moore's Federal Practice ¶8, 10 (1968). Nonetheless, this defect does not deprive the court of jurisdiction in view of the fact that jurisdiction is competently claimed under the Civil Rights Act and 28 U.S.C. § 1343.

■■ There is no dispute but that this action could have been brought in the northern district of Illinois. A motion for a change of venue requires the court to consider the relative convenience of the parties and which forum will better serve the ends of justice. The plaintiff is free to choose any proper forum. When a proposed transfer would merely be of convenience to the movant and of equal inconvenience to the plaintiff, the latter's choice of a forum should remain undisturbed. Chicago, R. I. & Pac. R. Co. v. Igoe, 220 F. 2d 299 (7th Cir. 1955); Handlos v. Litton Industries, 304 F.Supp. 347 (E.D. Wis.1969).

■ I am satisfied that a transfer of this action to the northern district of Illinois is warranted. The lawsuit revolves around a parcel of real estate situated within that district, and the transaction complained of is basically a local matter. See Gorman v. King, 316 F.Supp. 8ʋ1 (E.D.Wis.1970).

■ In view of my decision to transfer the case to the northern district of Illinois and the defendants' assertions that there will be no further attempts to inspect the plaintiff's premises until all matters are adjudicated, I deem it appropriate to leave the plaintiff's motion for a temporary restraining order for the consideration of the transferee court.

Therefore, it is ordered that the defendants' motion to transfer the action to the northern district of Illinois be and hereby is granted.