CITIZENS AND SOUTHERN NATIONAL BANK, Plaintiff,

v.

William AUER et ux., et al., Defendants.

No. Civ–2–77–55.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 28, 1977.

W. Carr Hagan, Jr., Kingsport, Tenn., for plaintiff.

Wendal D. Jackson, Bristol, Tenn., O. Taylor Pickard, Jr., Kingsport, Tenn., and G. Richard Johnson, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is ostensibly a civil action to enforce a final judgment rendered by a Georgia state court and to set aside a fraudulent conveyance and attach certain real property located within this district and division. The Court's jurisdiction was attempted to be invoked under diversity of citizenship and jurisdictional amount, 28 U.S.C. §§ 1332(a)(1), (c).

Pretermitting all other matters herein is the necessity for a determination of the Court's jurisdiction of the subject

matter; for, without a finding that there is federal jurisdiction over a particular claim for relief, this Court is without power to proceed. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, C.A. 6th (1976), 534 F.2d 699, 701[1]. This Court is not a court of general jurisdiction; it has only such jurisdiction as is prescribed by Congress pursuant to Article III of the Constitution. *Graves v. Sneed*, C.A. 6th (1976), 541 F.2d 159, 161[2]. The party seeking to invoke such federal jurisdiction must demonstrate that the case is within the competence of such a court. *Williams v. W. R. Grace & Company*, D.C.Tenn. (1966), 252 F.Supp. 821, 822[6]. The presumption is that the court lacks jurisdiction until it has been demonstrated that jurisdiction over the subject matter exists. *Ibid.*, 252 F.Supp. at 822[6].

 The allegations of the complaint herein as to this Court's diversity of citizenship jurisdiction are defective. Form 2(a), Federal Rules of Civil Procedure, Appendix of Forms; *Realty Holding Co. v. Donaldson* (1925), 268 U.S. 398, 399, 45 S.Ct. 521, 69 L.Ed. 1014, 1015; *Neel v. Pennsylvania Co.* (1895), 157 U.S. 153, 15 S.Ct. 589, 39 L.Ed. 654; *Grise v. Crownover*, D.C.Tenn. (1971), 57 F.R.D. 210, 211[1]; *Smith v. Dealers Transit, Inc.*, D.C.Tenn. (1964), 239 F.Supp. 605, 607[9]. " * * * In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctively and positively averred in the pleadings. * * * " *Robertson v. Cease* (1878), 97 U.S. 646, 649–650, 24 L.Ed. 1057, 1058.

■ " * * * Whenever it appears * * * that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 12(h)(3), Federal Rules of Civil Procedure. However, " * * * [d]efective allegations of jurisdiction may be amended, upon terms, in the trial * * * courts." 28 U.S.C. § 1653; *Wells v. Celanese Corporation of America*, D.C.Tenn. (1964), 239 F.Supp. 602, 604.

The plaintiff hereby is ALLOWED 10 days herefrom in which to amend its complaint so as to include proper allegations of this Court's jurisdiction of the subject matter hereof; otherwise, at the end of such period, this action shall stand DISMISSED for lack of the Court's jurisdiction of the subject matter. Rule 12(h)(3), Federal Rules of Civil Procedure. All other matters hereby are RESERVED.