**ROYAL INSURANCE CO.
OF AMERICA,**

v.

**CALEB V. SMITH & SONS, INC., et al.**

Civil No. 3:90–cv–651 (WWE).

United States District Court,
D. Connecticut.

April 15, 1996.

Kenneth J. Mulvey, Jr., David J. Crotta, Jr., Carolyn P. Gould, Mulvey, Oliver & Gould, New Haven, CT, for Royal Insurance Company of America.

James T. Shearin, David Medina, Pullman & Comley, Bridgeport, CT, for Caleb V.

Smith & Sons, Inc., F. Whitney & Co., Ltd., Mason B. Smith.

## MEMORANDUM OPINION AND ORDER

EGINTON, Senior District Judge.

Plaintiff, Royal Insurance Company of America, brought this action for a declaratory judgment that it is not obligated to defend and indemnify defendants, Caleb V. Smith & Sons, Inc., F. Whitney & Co., Ltd., Mason B. Smith, Sr. and Mason B. Smith, Jr., in a state court case. Plaintiff moved for summary judgment on the complaint pursuant to Fed.R.Civ.P. 56 and defendants responded. However, for the following reasons, the Amended Complaint fails to properly allege subject matter jurisdiction and plaintiff will be granted leave to amend.

### BACKGROUND

The Amended Complaint claims that plaintiff is not obligated, pursuant to certain insurance policies, to defend and indemnify defendants in a civil action pending in Texas state court, *Academia, Inc. v. Caleb V. Smith & Sons, Inc. et al.*, Cause No. C–474–89–F (332nd Judicial District Court of Hidalgo County, Texas). In September 1992, after the Texas court granted summary judgment in favor of defendants, the parties in this case stipulated to the voluntary dismissal of this action and the file was closed. However, the case was reopened in August 1993 due to the fact that the plaintiff in the Texas action had been permitted to file a late appeal which resulted in the remand of two counts to the trial court.

Under the heading "Jurisdictional Allegations," the Amended Complaint in this case states

This is an action for a declaratory judgment brought pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between the parties.

The matter in controversy exceeds the sum of Fifty Thousand ($50,000.00) Dollars, exclusive of interest and costs.

It also states that Royal Insurance Company of America "is an Illinois corporation with a principal place of business in Charlotte,

North Carolina, and is licensed to sell insurance in the State of Connecticut;" that Caleb V. Smith & Sons, Inc. "is a New York corporation with a place of business in New Milford, Connecticut;" that F. Whitney & Co., Inc. "is a Connecticut corporation with a principal place of business in New Milford Connecticut;" that Mason B. Smith, Sr. "is an individual who is a resident of the State of Connecticut;" and that Mason B. Smith, Jr. "is an individual who is a resident of the State of Connecticut or the State of Illinois."

Defendants' answer admits the truth of the allegations regarding Mason B. Smith Sr. and the two corporations. It denies that Mason B. Smith Jr. is a resident of Connecticut and admits that he is a resident of Illinois.

### DISCUSSION

A federal district court has a duty to independently determine whether it has jurisdiction to consider a case before it. The parties cannot consent to subject matter jurisdiction. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).

The amended complaint in this case does not explicitly state upon what basis subject matter jurisdiction is predicated but appears to base jurisdiction on the Declaratory Judgment Act, 28 U.S.C. § 2201, and/or diversity. However, the Declaratory Judgment Act does not confer jurisdiction on a federal court; it provides for a remedy. *Cable Television Ass'n of N.Y., Inc. v. Finneran*, 954 F.2d 91, 94 (2d Cir.1992) *citing Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950). There must be an independent basis for subject matter jurisdiction.

Furthermore, the complaint fails to properly allege complete diversity of all parties. Federal district courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $50,-000 ... and is between citizens of different States." 28 U.S.C. § 1332(a)(1) (1996). It is well settled that, in cases based solely upon diversity jurisdiction, no plaintiff may be a

citizen of any state of which any defendant is a citizen. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). This requirement of complete diversity is "explicit and unequivocal." *International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388, 391 (2d Cir.1989).

■ Allegations of complete diversity must be apparent from the pleadings. Fed. R.Civ.P. 8(a)(1); *John Birch Soc'y v. National Broadcasting Co.,* 377 F.2d 194, 197–99 (2d Cir.1967) (citations omitted). The citizenship of individuals, not their residence, must be pleaded. *Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399, 45 S.Ct. 521, 521, 69 L.Ed. 1014 (1925). A corporation is deemed a citizen of any state in which it is incorporated and of the state where it has its "principal place of business." 28 U.S.C. § 1332(c)(1) (1996). Accordingly, a complaint must allege both the state of incorporation and the principal place of business of any corporation.

■ For diversity purposes, a corporation may only have one principal place of business. *Egan v. Am. Airlines, Inc.,* 324 F.2d 565 (2d Cir.1963). It is not sufficient to allege that the corporation does business in a state, *Nadler v. Am. Motors Sales Corp.,* 764 F.2d 409, 413 (5th Cir.1985), that "a" principal place of business is in a certain state, *J & R Ice Cream Corp. v. Calif. Smoothie Licensing Corp.,* 31 F.3d 1259, 1265 (3d Cir.1994), or that the corporation is licensed to do business in a state, *American Inter–Fidelity Exchange v. Am. Re–Ins. Co.,* 17 F.3d 1018, 1020–21 (7th Cir.1994).

■ The complaint in this case fails to allege the principal place of business of each corporation. It alleges "a" principal place of business for plaintiff and F. Whitney & Co., Inc, and a "place of business" for Caleb V. Smith & Sons, Inc. Furthermore, it alleges the residency, not the citizenship, of the two individuals. As the Court is unable to divine from the record whether jurisdiction was merely improperly alleged or whether complete diversity does not in fact exist, plaintiff will be permitted to amend the complaint pursuant to 28 U.S.C. § 1653. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 831, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989).

For the foregoing reasons, plaintiff is granted leave to amend the Amended Complaint within 30 days from the date of this ruling or the case will be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).