17-2344-cv
Suarez v. Mosaic Sales Solutions US Operating Co., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand eighteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------------
DANIEL SUAREZ,

      *Plaintiff-Appellant*,


      v.                                      No. 17-2344-cv

MOSAIC SALES SOLUTIONS US OPERATING CO., LLC,

      *Defendant-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:      DAVID ABRAMS, Attorney at Law, New York, New York.

FOR APPELLEE:      Michael Ross Phillips, McGuireWoods LLP, Chicago, Illinois; Philip A. Goldstein, McGuireWoods LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the final judgment entered on July 10, 2017, is AFFIRMED.

Plaintiff Daniel Suarez sues for employment discrimination under New York City's Fair Chance Act ("NYCFCA"), *see* N.Y.C. Admin. Code § 8-107(11)(a), based on the alleged failure of defendant Mosaic Sales Solutions US Operating Co., LLC ("Mosaic") to follow certain procedures before rescinding Suarez's job offer after Mosaic discovered, through a background check, that Suarez had two misdemeanor convictions. Suarez here appeals from both the dismissal of his complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), and the denial of his motion for reconsideration. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The district court dismissed Suarez's complaint on finding that he failed to satisfy the $75,000 amount in controversy required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). On review of a Rule 12(b)(1) dismissal, we examine factual findings for clear error and legal conclusions *de novo*, mindful that the party asserting subject matter jurisdiction must demonstrate its existence by a preponderance of the evidence. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

Suarez's complaint seeks to recover "in excess of $75,000" but "not more than $100,000" in "lost wages, compensatory damages, punitive damages," and attorney's fees and costs. App'x 37, 39. While we presume "that the face of the complaint is a good faith representation of the actual amount in controversy," a defendant may rebut that

2

presumption by demonstrating "to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation marks and alterations omitted). To do so, the defendant may present, and the court may consider, evidence outside the pleadings, including affidavits. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

A Mosaic affidavit states that Suarez's anticipated job was seasonal, scheduled to last only 10 weeks, and part-time, consisting of 16 hours per week at $15 per hour, thus establishing potential actual back-pay damages of only $2,400. Moreover, Suarez's anticipated job was in fact eliminated within four weeks, resulting in only $960 in potential back pay. Suarez, for his part, purports to dispute that the job was temporary, but the most he attests to in his complaint is that he was *advised* that the job was to be a permanent position—not that it actually was permanent. At any rate, in his amended complaint filed on March 20, 2017, Suarez acknowledges that he "ultimately found another job." App'x 17, ¶ 15. Thus, even assuming the Mosaic job was permanent, the highest range of economic damages to which Suarez was entitled still would fail to close the amount-in-controversy gap. This supports the district court's determination that, as a matter of law or fact, Suarez's estimated damages would be less than $75,000.

In urging otherwise, Suarez maintains that he "was extremely hurt, humiliated, and frustrated" by Mosaic's rescinding the job offer, and that he "gained weight" and "suffered

3

from a great deal of stress . . . even though he ultimately found another job." *Id.* Suarez argues that precedent supports a large compensatory damages award for such "garden-variety" emotional distress damages, despite his failure to allege any required medication or treatment. The argument fails because none of the cases on which he relies allege comparable facts. Rather, they present more serious injury. *See Patterson v. Balsamico*, 440 F.3d 104, 109, 120 (2d Cir. 2006) (upholding jury's award of $100,000 in emotional distress damages where evidence of plaintiff's humiliation, embarrassment, and physical ailments followed his being sprayed with mace and taunted with racial slurs); *MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 559–63 (S.D.N.Y. 2012) (granting new trial on compensatory and punitive damages awards unless, *inter alia*, plaintiff accepted reduced emotional distress award of $30,000 for hostile work environment based on race); *Broome v. Biondi*, 17 F. Supp. 2d 211, 223–26 (S.D.N.Y. 1997) (upholding $114,000 emotional distress award based on willful and malicious racial discrimination and civil rights violations).

Nor can Suarez rely on punitive damages to meet the amount-in-controversy threshold. A "trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction." *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972). In any event, "a claim for punitive damages is to be given closer scrutiny . . . than a claim for actual damages" when calculating a jurisdictional amount. *Id.* "[T]he standard for determining punitive damages under [N.Y.C. Admin. Code § 8-107 *et seq.*] is whether the wrongdoer has

4

engaged in discrimination with wilful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 2017 N.Y. Slip. Op. 08158, 2017 WL 5557932 (N.Y. Nov. 20, 2017) (internal quotation marks omitted). Applying that standard here, the district court was hardly compelled to find that a likely punitive damages award would allow Suarez to satisfy the jurisdictional amount. Suarez submitted an email that he received from Mosaic stating that he had in fact passed Mosaic's background check, but that a "recruiter, in a simple entry error," entered the wrong result. App'x 64. Mosaic "greatly apologize[d] for this error," and offered to "ensure that [Suarez] received an expedited interview" for a number of other open positions at the company. *Id.* Even if these circumstances might demonstrate negligence by the recruiter, they do not manifest wanton negligence, recklessness, or a conscious disregard of Suarez's rights by Mosaic.

Finally, attorney's fees only calculate into the jurisdictional amount in controversy if they are "recoverable as a matter of right." *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56 (1972). Attorney's fees for NYCFCA violations are discretionary. *See* N.Y.C. Admin. Code § 8-502(g). Thus, the district court correctly did not consider them in calculating the amount in controversy here.

We have considered Suarez's remaining arguments and conclude that they are without merit. Because we conclude that Suarez's possible damages could not exceed $75,000, the district court correctly determined that it lacked diversity jurisdiction over

5

Suarez's state claims.    Accordingly, we AFFIRM the district court's dismissal of Suarez's

complaint, without prejudice to pursuit of his claims in an appropriate forum.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

