**Jerry P. BARRUS; Paul C. Pfeifle, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,**

v.

**SYLVANIA, a division of GTE; GTE Products Corporation, a subsidiary of GTE Products of Connecticut Corporation; GTE Products of Connecticut Corp., a subsidiary of GTE Corp.; GTE Corp.; Osram Sylvania, Inc., Defendants–Appellees.**

No. 94–55040.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 1995.*

Decided May 19, 1995.

Marcus J. Berger, Howarth & Smith, Los Angeles, CA, for plaintiffs-appellants.

M. Laurence Popofsky, Heller, Ehrman, White & McAuliffe, San Francisco, CA, for defendants-appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34–4.

Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellants Jerry Barrus and Paul Pfeifle filed a class action lawsuit against Sylvania and its various parent corporations on behalf of all consumers who purchased Sylvania light bulbs before July 14, 1993.[1] Appellants claim that defendants violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (Supp. V 1993), by falsely advertising Sylvania "Energy Saver" light bulbs.

According to the complaint, defendants advertised that Energy Saver bulbs would reduce pollution, conserve energy, and lower consumers' utility bills. Each green-colored package (signifying the product's environmental benefits) bore a chart showing the savings that consumers would realize by using the bulbs. Each package also stated that the Energy Saver was a "replacement" for a standard bulb of specified wattage. The Energy Saver bulbs cost 30%–66% more than standard Sylvania bulbs.

According to appellants, these representations were false and misleading because the Energy Saver only differed from the bulb which it was intended to replace in one respect: lower wattage that produced less light. In this suit, appellants seek equitable relief and damages resulting to consumers from the alleged false advertising.

The district court concluded that appellants, as consumer plaintiffs, lacked standing to sue under 15 U.S.C. § 1125(a), and dismissed the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal for failure to state a claim de novo. *Everest and Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994). In addition, we review questions of standing and statutory construction de novo. *Waste Management of N. Am., Inc. v. Weinberger*, 862 F.2d 1393, 1396 (9th Cir.1988). We affirm.

In *Waits v. Frito–Lay, Inc.*, 978 F.2d 1093 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1047, 122 L.Ed.2d 355 (1993), we fully analyzed the standing requirements under § 1125(a) and reconciled two Ninth Circuit cases: *Smith v. Montoro*, 648 F.2d 602 (9th Cir.1981), and *Halicki v. United Artists Communications, Inc.*, 812 F.2d 1213 (9th Cir.1987). We explained that in a case such as *Smith,* involving the so-called "false association" prong of section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A),[2] in order to satisfy standing the plaintiff need only allege commercial injury based upon the de-

---

1. The proposed class has not yet been certified.

2. In 1988, after *Smith* and *Halicki* had been decided, Congress amended the Lanham Act by dividing § 1125(a) into two parts and by generally codifying the judicial interpretation of that section. S.Rep. No. 515, 100th Cong., 2d Sess., at 40–41, *reprinted in* 1988 U.S.C.A.A.N. 5577, 5603–04.

   Prior to the 1988 amendment, § 1125(a) read:
   Any person who shall affix, apply or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or *represent the same, and shall cause such goods* to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said *locality is situated,* or by any per-

son who believes that he is or is likely to be damaged by the use of any such false description or representation.

§ 1125(a) now reads in relevant part:
   (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
      (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
      (B) in a commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

ceptive use of a trademark or its functional equivalent. *Waits,* 978 F.2d at 1109. No "actual competition" between the litigants was required. *Id.* at 1110.

We further explained that in a case such as *Halicki,* involving the so-called "false advertising" prong of section 43, 15 U.S.C. § 1125(a)(1)(B), in order to satisfy standing the plaintiff must allege commercial injury based upon a misrepresentation about a product, and also that the injury was "competitive," i.e., harmful to the plaintiff's ability to compete with the defendant. *Halicki,* 812 F.2d at 1214. *See Waits,* 978 F.2d at 1109.

In this case, appellants allege false advertising in violation of § 1125(a)(1)(B). As consumers, they have alleged neither commercial injury nor competitive injury. Therefore, under *Halicki* and *Waits,* they lack standing.

We note that in order to accept appellants' argument that they have standing in this case, we would have to find 1) that *Waits'* careful discussion of standing to sue for false advertising was dicta, 2) that the 1988 amendments to § 1125 undermined the holding in *Halicki,* and 3) that we should ignore the law of several other circuits that have rejected consumer standing under the Lanham Act. *See Serbin v. Ziebart Int'l Corp., Inc.,* 11 F.3d 1163 (3d Cir.1993); *Dovenmuehle v. Gilldorn Mort'g Midwest Corp.,* 871 F.2d 697 (7th Cir.1989); *Colligan v. Activities Club of New York, Ltd.,* 442 F.2d 686 (2d Cir.), *cert. denied,* 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971). We decline this invitation.

The discussion of false advertising in *Waits* was not mere dicta, even though that case involved a claim of false association. In order to resolve that case, the court clearly was required to reconcile *Halicki* and *Smith* by explaining standing under each prong of § 1125(a). *Waits,* 978 F.2d at 1107–10.

The 1988 amendments to § 1125 did not undermine *Halicki,* in which we held that there must be competitive injury to sue for false advertising. 812 F.2d at 1214. Rather, the newly adopted provision describes standing with language very similar to the pre–1988 provision. *See supra* note 2. The legis-

lative history states that generally the amendments codify previous judicial interpretation of the provision and "that the amendments … with respect to [standing] should not be regarded as either limiting or extending applicable decisional law." S.Rep. No. 515, 100th Cong., 2d Sess., at 40, *reprinted in* 1988 U.S.C.A.A.N. 5577, 5603; *see Waits,* 978 F.2d at 1107. Therefore, *Halicki* remains good law.

Finally, we note that although appellants lack standing to sue for false advertising under the Lanham Act, they are not without remedy. The record reflects that in this case, like many other false advertising claims, state law has provided consumers a remedy.

■ Appellees request that this court award multiple costs and attorneys' fees as a sanction against appellants for bringing a frivolous appeal. Although it is a close question, we conclude that appellants' arguments are not frivolous. *See Mission Oaks Mobile Home Park v. City of Hollister,* 989 F.2d 359, 362 (9th Cir.1993) (declining to impose sanctions because appellant's contentions were not wholly without merit), *cert. denied,* —— U.S. ——, 114 S.Ct. 1052, 127 L.Ed.2d 373 (1994). "Even in the face of precedent, [litigants are] entitled to make a good faith argument for reconsideration of existing law." *Id.*

Appellees' request for multiple costs and attorneys' fees is DENIED.

The judgment of the district court dismissing appellants' claim is AFFIRMED.