70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kailash C. CHAUDHARY, Plaintiff-Appellant,
v.
Richard O'NEIL; Deborah Swanson, Defendants-Appellees.
 No. 94-15408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Nov. 30, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kailash Chandra Chaudhary, a California state prisoner, appeals pro se the district court's dismissal under 28 U.S.C. Sec. 1915(d) of his civil rights complaint under 42 U.S.C. Sec. 1983. Chaudhary contends that the district court erred in concluding that he (1) lacked standing to bring claims on behalf of his daughter because he had relinquished his parental rights and his daughter had been legally adopted; and (2) failed to state a cognizable claim of violation of his procedural due process rights in relation to the termination of his parental rights in a state court proceeding. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm the judgment of the district court.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 In 1986, Chaudhary shot and killed his wife during a dispute over their divorce. He pled guilty to second degree murder with enhancements and, in 1987, was sentenced to 17 years to life in state prison. In 1989, the state initiated parental termination proceedings against Chaudhary. California law allows such termination where the parent is convicted of a felony and "[t]he facts of the crime ... are of such a nature so as to prove the unfitness of the parent ... to have the future custody and control of the child." Cal.Family Code Secs. 7802, 7820, 7825. Chaudhary, represented by counsel, voluntarily relinquished his parental rights to his daughter, Kajal. Kajal was adopted by Deborah Swanson, a resident of Santa Clara County.
 
 
 4
 No sooner had Chaudhary relinquished his parental rights than he began challenging the termination and adoption proceedings in state court. All of his petitions were denied. Chaudhary then filed this 42 U.S.C. Sec. 1983 action on behalf of himself and Kajal on December 20, 1993, naming as defendants Richard O'Neil, director of the Santa Clara Social Services Agency, and Deborah Swanson, Kajal's adoptive mother. The complaint alleged multiple civil rights violations.
 
 
 5
 On February 7, 1994, the district court dismissed the claims Chaudhary made on behalf of Kajal for lack of standing, and all other claims for failure to state cognizable constitutional claims. Chaudhary timely appealed.
 
 II.
 DISCUSSION
 A. Standing
 
 6
 The district court's determination of Chaudhary's standing is a question of law which we review de novo. Barrus v. Sylvania, 55 F.3d 468, 469 (9th Cir.1995). Generally, plaintiffs do not have standing to bring claims based on the rights of third parties. Warth v. Seldin, 422 U.S. 490, 499 (1975); Portman v. County of Santa Clara, 995 F.2d 898, 902 (9th Cir.1993). However, under Federal Rule of Civil Procedure 17(c):
 
 
 7
 Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.
 
 
 8
 Fed.R.Civ.P. 17(c). Although the district court must consider whether an infant or incompetent person is adequately protected, it need not appoint a guardian ad litem for an infant if, in its sound discretion, the court determines that the infant can be otherwise adequately protected. United States v. 30.64 Acres of Land, 795 F.2d 796, 804 (9th Cir.1986). The district court's decision whether to appoint a next friend or guardian ad litem is reviewed for abuse of discretion. Id.
 
 
 9
 Here, Chaudhary's legal and parental rights as to Kajal were terminated pursuant to California law. See Cal.Family Code Secs. 7800-7895. Since Kajal's adoption, her adoptive mother has the sole right to pursue legal action on her behalf; before the adoption, Kajal's court-appointed attorney had the authority to sue on her behalf. Therefore, throughout the proceedings Kajal has had a representative, and it was within the district court's discretion to determine that these representatives provide Kajal with adequate protection. The district court did not err in refusing to allow Chaudhary to sue on Kajal's behalf as her next friend, or in failing to appoint Chaudhary as guardian ad litem for her.[1]
 
 B. Section 1915(d) Dismissal
 
 10
 The district court dismissed Chaudhary's in forma pauperis complaint under 28 U.S.C. Sec. 1915(d). This statute authorizes the court to dismiss the case "if satisfied that the action is frivolous or malicious." We review the dismissal for abuse of discretion. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995).
 
 
 11
 In his complaint, Chaudhary sought review of the parental rights termination and adoption proceedings and results as well as restoration of his parental rights, restoration of communication rights with his daughter, placement of his daughter with a Hindu family, "Hindu therapy" to remedy any psychological damage done to his daughter, and monetary recovery for emotional distress and abuse suffered as a result of the proceedings.
 
 
 12
 Most of these claims amount to "nothing more than an impermissible collateral attack on prior state court decisions," Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995); see also 28 U.S.C. Sec. 1257; Tree Top v. Smith, 577 F.2d 519, 521 (9th Cir.1978), and therefore fall outside this court's subject matter jurisdiction. Moreover, federal courts lack jurisdiction over local matters like child custody decrees. Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam); Tree Top, 577 F.2d at 521. Chaudhary's only viable claim, and the only one addressed by the district court, is his contention that the parental termination proceeding violated his constitutional right to due process. See Woodrum v. Woodward County, 866 F.2d 1121, 1124-25 (9th Cir.1989).
 
 
 13
 The failure of a state to afford the constitutionally appropriate due process to an individual before terminating his or her parental rights gives rise to a section 1983 civil rights claim. See Zinermon v. Burch, 494 U.S. 113, 125-26 (1990); Santosky v. Kramer, 455 U.S. 745, 753-54 (1982); Woodrum, 866 F.2d at 1124-25. California law allows the state to terminate parental rights of a parent convicted of a felony when "[t]he facts of the crime ... are of such a nature so as to prove the unfitness of the parent ... to have the future custody and control of the child." Cal.Family Code Secs. 7802, 7820, 7825. The law provides for notice to the parent, a hearing, and, if the parent is indigent, appointment of counsel. Cal.Family Code Secs. 7862, 7880, 7881, 7895. The court's findings must be supported by clear and convincing evidence. Cal.Family Code Sec. 7821. A parent may appeal the termination of rights. Cal.Family Code Sec. 7894(c).
 
 
 14
 Chaudhary's complaint indicates that the State of California notified Chaudhary of the termination proceeding and held a hearing before a judge. The court provided Chaudhary with an attorney, and Chaudhary voluntarily relinquished his parental rights to Kajal. Chaudhary appealed his case to an appellate court and to the California Supreme Court, where his petitions were denied. To the extent that Chaudhary requests a review of factual findings and the outcome of his case, federal courts are not courts of appeal from final state court decisions. See Branson, 62 F.3d at 291-92; Tree Top, 577 F.2d at 521.
 
 
 15
 Moreover, Chaudhary's civil rights claim under section 1983 is meritless. The parental rights termination proceedings satisfied Chaudhary's due process claims based on the United States Constitution. Therefore, the district court did not abuse its discretion in finding that Chaudhary stated no cognizable claim of violation of his procedural due process rights, and that his complaint therefore warranted dismissal. See Denton v. Hernandez, 112 S.Ct. 1728, 1733-34 (1992) (section 1915(d) dismissal is appropriate where the claims lack an arguable basis in law or fact).
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the Fifth Circuit has held that a natural parent who is not his or her child's legal representative must obtain court authority to sue on behalf of that child. See Susan R.M. v. Northeast Indep. School Dist., 818 F.2d 455, 458 (5th Cir.1987). We, however, base our decision solely on our conclusion that the district court properly exercised the discretion granted it by Federal Rule of Civil Procedure 17(c)