81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN DEVELOPMENT CORPORATION, Plaintiff-Appellant,
v.
Timothy S. STRACK, as Receiver of Denver Garden Apartments,
the Greenway Park Apartments, the Hyde Park Apartments, the
Palmdale Apartments, the Pine Lake Estates Apartments, the
Tres Lomas Gardens, Vinewood Apartments; Republic Realty
Services, Inc., dba: Republic Management Services, Inc.;
Republic Management Inc., Defendants-Appellees.
 No. 95-55648.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1996.
Decided March 25, 1996.
 
 Before: WALLACE, FERGUSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 American Development Corporation (ADC), a California corporation engaged in the management of residential real estate, appeals the district court's grant of summary judgment in favor of Timothy Strack, a court-appointed receiver. Strack, acting as receiver, took over the management of seven apartment complexes which ADC had been managing. In this action, ADC brought suit against Strack seeking to enjoin Strack from interfering with its property management contracts and seeking damages for breach of the management contracts.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 A. FDIC v. Sahni
 
 3
 A brief discussion of FDIC v. Sahni, No. 94-56673, is necessary to lay the foundation for the factual and procedural background in the case at bar. On December 5, 1990, as part of the settlement of complex litigation between Ranbir S. Sahni, Metro North State Bank, and the FDIC, Sahni borrowed $1,210,000 from Metro North. The bank paid this amount to the FDIC as settlement for Sahni's personal debt. The Metro loan was secured by a security agreement in which Sahni pledged as collateral his interest as sole general partner in several real estate limited partnerships. These real estate limited partnerships consisted of HUD-subsidized apartment complexes.
 
 
 4
 On November 13, 1992, the FDIC became the receiver for Metro North. Early in 1994, Sahni defaulted on his $1.2 million loan. The FDIC filed suit against Sahni to enforce collection of the promissory note which was secured by Sahni's interests as the sole general partner of the limited partnerships. Since the apartment complexes were generating rents and profits, the FDIC requested the appointment of a receiver to protect and preserve its collateral during the pendency of the litigation. On July 28, 1994, the district court appointed Timothy Strack as receiver and enjoined Sahni and those acting in concert with him from collecting rents or interfering with the receiver.
 
 B. American Development Corp. v. Strack
 
 5
 In the case at bar, ADC filed suit against Strack and his management company, Republic Realty Services, Inc., challenging the propriety of the appointment of Strack as the receiver and claiming damages for breach of the management contracts. ADC is a California corporation engaged in property management of residential real properties. This litigation involves the management of the following seven real estate limited partnerships, in which Sahni is the general partner: 1) the Denver Garden Apartments in Denver, Colorado; 2) the Greenway Park Apartments in Wichita, Kansas; 3) the Hyde Park Apartments in Chicago, Illinois; 4) the Palmdale Garden Apartments in Palmdale, California; 5) the Pine Lake Estates Apartments in Nocogdoches, Texas; 6) the Tres Lomas Apartments in Eagle Rock, California; and 7) the Vinewood Apartments in Modesto, California.
 
 
 6
 ADC managed the properties of the limited partnerships under written Housing Management Agreements in which ADC was named as the exclusive management agent for the limited partnerships. Under the agreements, ADC performed management services for the limited partnerships, including collecting and depositing rents, maintaining the properties, providing utility service, employing on-site managers and maintenance personnel, keeping the accounts and records, and providing HUD with audits. ADC received monthly management fees averaging $19,500 per month.
 
 
 7
 On August 1, 1994, Strack, acting as the court-appointed receiver, took over the management of the apartment complexes at issue. On August 9, 1994, ADC filed a complaint for injunctive relief to restrain Strack and Republic from interfering with ADC's management agreements with the limited partnerships. The complaint also prayed for damages for breach of contract and interference with contractual relations. The district court denied ADC's preliminary injunction and reaffirmed that Strack had the right to manage the limited partnerships. ADC filed an interlocutory appeal from that order.[1]
 
 
 8
 On December 20, 1994, ADC filed a motion for summary judgment. On January 27, 1995, defendants filed a cross-motion for summary judgment. The district court granted the defendants' motion on the ground that the receiver had acted within the scope of his authority. ADC filed a motion for a new trial and reconsideration, which the district court denied. ADC now timely appeals the denial of its summary judgment motion.
 
 DISCUSSION
 A. Standard of Review
 
 9
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 B. Standing
 
 10
 The defendants argue that ADC does not have standing to assert a challenge to the appointment of the receiver. In granting the defendants' motion for summary judgment, the district court did not rule on the standing issue. However, an appellate court can affirm the district court's grant of summary judgment on any basis the record supports, including one the district court did not reach. Herring v. FDIC, 72 F.3d 762, 764 (9th Cir.1995).
 
 
 11
 Standing is a question of law and is reviewed de novo. Barrus v. Sylvania, 55 F.3d 468, 469 (9th Cir.1995). Article III of the U.S. Constitution requires that a plaintiff make out a "case or controversy" between herself and the defendant. Warth v. Seldin, 422 U.S. 490, 498 (1975). In Hong Kong Supermarket v. Kizer, 830 F.2d 1078 (9th Cir.1987), this court set out the requirements for standing:
 
 
 12
 The determination whether a plaintiff has standing involves both constitutional and prudential limitations. The constitutional limitations of article III contain three components: (1) a threatened or actual distinct and palpable injury to the plaintiff; (2) a fairly traceable causal connection between the alleged injury and the defendant's challenged conduct; and (3) a substantial likelihood that the requested relief will redress or prevent the injury.
 
 
 13
 The prudential limitations require the plaintiff to (1) assert his own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question.
 
 
 14
 Id. at 1081 (citations omitted). See also Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir.1994).
 
 
 15
 In the present case, ADC challenges the appointment of the receiver and the scope of the receiver's authority. ADC fails to meet both the constitutional and prudential requirements of standing with respect to these two issues. First, ADC does not satisfy the constitutional requirement of redressability. ADC did not name the FDIC, which has a stake in the appointment of the receiver, as a party to this litigation. Instead, ADC named only the receiver and the receiver's agent as defendants. Neither Strack nor Republic are proper defendants because the controversy regarding the appointment of the receiver and the proper scope of the receiver's authority is between the FDIC and ADC. See Gonzales v. Gorsuch, 688 F.2d 1263, 1267 (9th Cir.1982) (stating that if the wrong parties are before the court, then the court is unable the redress the plaintiff's injury and the plaintiff lacks standing).
 
 
 16
 Second, ADC does not meet the prudential requirements of standing because ADC is attempting to litigate the rights of third parties. In challenging the appointment of the receiver and the scope of the receiver's authority, ADC is asserting the rights of the limited partnerships. The limited partnerships, the general partner, and the limited partners all have a personal stake in the appointment of the receiver who is now managing and controlling the limited partnerships. ADC's interest in these issues is limited to its contracts with the limited partnerships. Thus, ADC is not the proper party to challenge the receivership.
 
 
 17
 In sum, ADC does not have standing to raise a challenge to the appointment of the receiver or to the scope of the receiver's authority.[2] Nonetheless, ADC has standing to raise the issue of damages. See City of Los Angeles v. Lyons, 461 U.S. 95 (1983) (establishing that a plaintiff who asserts multiple claims may have standing as to one claim, but not another claim against a given defendant).
 
 C. Damages
 
 18
 ADC contends that the receiver is personally liable for damages for breach of contract and interference with its management contracts. In granting the defendants' motion for summary judgment, the district court concluded that ADC was not entitled to damages and that the receiver did not act beyond the scope of his authority.
 
 
 19
 Title 28 U.S.C. § 959(a) permits federally appointed receivers to be sued. Section 959(a) provides:
 
 
 20
 Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.
 
 
 21
 Although 28 U.S.C. § 959(a) allows receivers to be sued, receivers are generally granted qualified immunity from personal liability for actions taken within their receivership authority. Morrison-Knudsen Co. v. CHG Int'l, 811 F.2d 1209, 1222 (9th Cir.1987). Moreover, a receiver will be personally liable for intentional and negligent conduct, but the receiver will not be held liable for mistakes in judgment. In re Cochise College Park, Inc., 703 F.2d 1339, 1357 (9th Cir.1983).
 
 
 22
 In the case at bar, the issue of whether Strack is personally liable for damages for breach of contract and interference with a contract depends on whether Strack exceeded his authority as a receiver. The revised court order appointing Strack states, in pertinent part:
 
 
 23
 The Receiver is hereby granted any and all powers, rights and responsibilities of the general partner in the Limited Partnership, pursuant to the current Agreement of Limited Partnership for each entity. Such powers may include, but are not limited to the power:
 
 
 24
 A. To take, hold, manage and control, the Limited Partnership as the general partner therein, and to manage, control and conserve the Limited Partnerships;
 
 
 25
 B. To vote, consent, oversee, manage and otherwise operate the Limited Partnerships;
 
 
 26
 C. If necessary, to contract with a rental agent and/or broker to handle rental and/or lease of the properties which are owned or managed by the Limited Partnerships;
 
 
 27
 D. To Lease and/or rent the properties which are owned or managed by the Limited Partnerships;
 
 
 28
 E. To collect any and all income, rents, profits, or other monies due to the Limited Partnerships....
 
 
 29
 (emphasis added). The plain language of the court order clearly gives Strack, the receiver, the authority to manage the apartment complexes. When Sahni acted as general partner of the limited partnerships, he carried out his management responsibilities by contracting with ADC to act as the property manager of the apartment complexes. Similarly, when the receiver took on the responsibilities of general partner, he hired Republic Realty to act as the property manager. Thus, the receiver's employment of Republic Realty as the property management company falls directly within the receiver's authority to act with all of the powers of the general partner. Therefore, the receiver is entitled to qualified immunity and is not personally liable to ADC because his actions did not exceed the authority granted to him by the district court.
 
 D. Interlocutory Appeal
 
 30
 ADC contends that the district court lacked jurisdiction to grant the defendants' motion for summary judgment because ADC's appeal from the district court's denial of the preliminary injunction was pending. The general rule is that the "effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir.1983) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982)). It is a well-recognized exception to the general rule that appeals from orders granting or denying an injunction do not divest the district court of jurisdiction. Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir.1982). Therefore, even though the appeal of the denial of the injunction was pending in the case at bar, the district court had jurisdiction to enter summary judgment.
 
 CONCLUSION
 
 31
 The district court's grant of summary judgment in favor of the defendants-appellees is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The case number for that appeal is 94-56753. On June 9, 1995, that appeal was dismissed as moot
 
 
 [2]
 Since ADC does not have standing to challenge the appointment of the receiver, we do not reach the question of whether the district judge violated Fed.R.Evid. 605