Richard J. BACON, et al., Plaintiffs,

v.

**SOUTHWEST AIRLINES COMPANY d/b/a Southwest Fun Pack Vacations, et al., Defendants.**

No. CIV.A.3:97–CV–2211–D.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 4, 1998.

Richard S. Bacon, Dallas, TX, pro se.

Wendy N. Paul, Dallas, TX, pro se.

Robert Follmer Ruckman, Kyle Ryan McElroy, Colin Paul Cahoon, Jackson Walker, L.L.P., Dallas, TX, for Southwest Airlines Co.

Brett A. Smith, Fletcher & Springer, Dallas, TX, for Doubletree Hotels Corp.

Joe Nathan Wright, Joe Nathan Wright & Associates, P.C., Dallas, TX, for Alamo Rent A Car Inc.

Robert B. Cousins, Jr., Glast, Phillips & Murray, P.C., Dallas, TX, Rodney E. Gould,

Rubin, Hay & Gould, P.C., Framingham, MA, for Mark Travel Corp.

R. Gregory Brooks, Donald F. Campbell, Madrid & Brooks, P.C., Dallas, TX, for Santa Fe Ski Area.

Walter Dudley James, III, Clayton E. Bailey, Hutcheson & Grundy, L.L.P., Dallas, TX, Thomas D. Kennedy, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Houston, TX, for American Express Co.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

In this lawsuit that arises from a ski vacation that has spawned claims against several defendants, the court holds that it lacks diversity jurisdiction and that plaintiffs have failed to state a federal question claim on which relief can be granted. Because the court has in part raised the dismissal issue on its own initiative, the court grants plaintiffs 30 days to amend their complaint, if they can do so, to establish diversity jurisdiction or to state a federal-law claim. Otherwise, the court will dismiss their federal-law claims with prejudice and dismiss their state-law claims without prejudice to their bringing them in a proper state court.

I

Plaintiffs Richard J. Bacon ("Bacon"), Wendy N. Paul ("Paul"), and Nancy Elizabeth Paul Bacon ("Nancy") sue Southwest Airlines Company d/b/a Southwest Fun Pack Vacations ("SWA"), Doubletree Hotels Corporation ("Doubletree"), Alamo Rent–A–Car, Inc. ("Alamo"), The Mark Travel Corporation d/b/a Southwest Fun Pack Vacations a/k/a Fun Jet a/k/a Fun Jet, Inc. ("Mark Travel"), Santa Fe Ski Area ("Santa Fe"), and American Express Company d/b/a American Express Travel Related Services d/b/a American Express Membership Rewards ("American Express") based on claims arising from a ski vacation to Santa Fe, New Mexico. Defendants SWA, Santa Fe, Mark Travel, and Alamo move to dismiss on various grounds.[1]

---

1. SWA and Mark Travel also move for a more definite statement. The court denies these mo-

tions as moot.

Bacon used his personal American Express credit card to purchase a "Southwest Airlines Fun Pack" vacation package ("Package") for his family.[2] SWA sold the Package and received Bacon's payment. The Package included round trip air transportation on SWA from Dallas to Albuquerque, New Mexico, hotel accommodations at a Doubletree Hotel, ski lift tickets for the Santa Fe Ski Area, and an Alamo rental car. "Southwest Airlines Fun Pack" vacations are operated by Mark Travel. While SWA permits Mark Travel, an independent contractor, to use the Southwest name in connection with the "Southwest Airlines Fun Pack" vacation packages, SWA is responsible only for the air transportation portion of the packages. Mark Travel arranges the remaining travel-related services offered in the packages.

Plaintiffs raise numerous complaints concerning the ski trip in question. They allege that SWA and Mark Travel engaged in deceptive trade practices by selling vacation packages under the Southwest name and using subcontractors of inferior quality. They advance contentions against the other parties that range from accusations that Alamo had an inadequate number of employees at the rental counter and is guilty of price gouging and extorting money from its customers, to complaints that Doubletree Hotel mistreated its customers, to slander and defamation allegations against Santa Fe because a ski instructor "publicly and loudly accused" Nancy of swinging the lift chair while the lift was progressing up the mountain, to an assertion that American Express refuses to remove charges from Bacon's account and has stolen mileage awards that Bacon has accumulated.

## II

■ The court notes at the outset that some defendants raise subject matter jurisdiction issues that others do not, and that some defendants, but not others, contend that plaintiffs have failed to state a claim on which relief can be granted. The court will address these arguments in unison. First, the court must raise its own lack of subject matter jurisdiction even if a party does not. See, e.g., In re Bowman, 821 F.2d 245, 246 (5th Cir.1987). Second, it is well-settled that this court may consider the sufficiency of plaintiffs' complaint on its own initiative. Guthrie v. Tifco Indus., 941 F.2d 374, 379 (5th Cir.1991) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed.1990)). Therefore, although where appropriate the court has identified in this opinion a party who has presented a particular issue, the court has considered all relevant issues addressed below, regardless who raised them or whether they were urged at all. To cure any prejudice to plaintiffs from following this approach, the court will afford them 30 days to amend their complaint to address the deficiencies identified.

## III

Plaintiffs sue SWA for violations of the Uniform Deceptive Trade Practices Act ("UDTPA") and § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). SWA moves to dismiss, contending the court lacks subject matter jurisdiction and that plaintiffs have failed to state a claim on which relief can be granted.

### A

The court first addresses whether it has subject matter jurisdiction over plaintiffs' action. To have subject matter jurisdiction, there must either be diversity of citizenship, see 28 U.S.C. § 1332, or plaintiffs must allege a federal question claim, see 28 U.S.C. § 1331.

■ SWA contends the court lacks diversity jurisdiction. The court agrees. To have diversity jurisdiction, there must be complete diversity of citizenship between all plaintiff and all defendants. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 555 (5th Cir. 1985). This means that no plaintiff can be a

---

2. The court views the allegations of plaintiffs' complaint in the light most favorable to them for purposes of deciding the motions to dismiss.

See, e.g., Royal Bank of Canada v. FDIC, 733 F.Supp. 1091, 1094 (N.D.Tex.1990) (Fitzwater, J.).

citizen of the same state as even one defendant. It is well-established that the citizenship of an individual is synonymous with the person's domicile. *Freeman,* 754 F.2d at 555. It is also clear that a corporation is a citizen both of its state of incorporation and of the state of its principal place of business. *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 637 (5th Cir.1983).

In their complaint, plaintiffs allege that they are "residents" of Texas. "An allegation of residency, rather than citizenship, is inadequate to invoke this court's diversity jurisdiction." *SMS Financial II, L.L.C. v. Stewart,* 1996 WL 722080, at *1 (N.D.Tex. Dec.9, 1996) (Fitzwater, J.) (citing *Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399, 45 S.Ct. 521, 69 L.Ed. 1014 (1925)). Additionally, plaintiffs do not allege in the complaint both the states of incorporation and principal places of business of defendants Doubletree, Alamo, Mark Travel, and Santa Fe. Allegations regarding the citizenship of a corporation that fail to set out both the state of its incorporation as well as the state of its principal place of business do not establish diverse citizenship. *Id.* (citing *Neeley v. Bankers Trust Co. of Tex.,* 757 F.2d 621, 634 n. 18 (5th Cir.1985)).

Because the court is able to determine from the facts alleged in plaintiffs' complaint that they will be unable to plead diverse citizenship, the court assumes that insuperable deficiency in addressing the balance of the motions. Plaintiffs' complaint strongly indicates that they are citizens of Texas.[3] Defendants SWA and American Express are also citizens of Texas, which means that complete diversity does not exist. If in amending their complaint plaintiffs are able

to show complete diversity, the court will reconsider this aspect of today's decision.[4]

### B

SWA also argues that this court lacks federal question jurisdiction and that plaintiffs have failed to state a claim. *See, e.g., Daniel v. Ferguson,* 839 F.2d 1124, 1127 (5th Cir. 1988).

### 1

The court has federal question jurisdiction because plaintiffs are attempting to allege federal question claims. The absence of a valid federal-law claim does not deprive the court of subject matter jurisdiction.

### 2

The court next considers whether plaintiffs have failed to state a claim on which relief can be granted. In their complaint, plaintiffs allege that there is federal question jurisdiction because SWA "and all of its subsidiaries are governed by the Federal Aviation Act ... giving direct jurisdiction over all airline activities to the federal courts." The court disagrees. Because plaintiffs do not assert any claims pursuant to the Federal Aviation Act of 1958 ("FAA"), as amended, 49 U.S.C.App. § 1301 *et seq.,* against any defendant, they have not stated an FAA claim that can provide a basis for federal question jurisdiction.

### 3

The only other alleged federal causes of action that might confer federal question jurisdiction are plaintiffs' claims against SWA and Mark Travel for violations of the Lanham Act.[5]

---

**3.** That plaintiffs are domiciled in Texas can be inferred from the fact that their permanent residence is in Texas, that Bacon has an office telephone number with a Dallas, Texas area code, that the vacation arrangements were made in Texas, and that plaintiffs departed from and returned to Texas on their vacation.

**4.** Plaintiffs cannot simply drop their claims against non-diverse defendants, however, because diversity is determined at the time the complaint is filed. *Whalen v. Carter,* 954 F.2d 1087, 1095 (5th Cir.1992) (referring to "well

established rule that diversity jurisdiction is assessed at the time an action is filed").

**5.** Plaintiffs contend the "Federal UDTPA" confers federal question jurisdiction on this court. No such federal law exists. The UDTPA is one of several model statutes developed by the National Conference of Commissioners on Uniform State Laws that addresses unfair or deceptive acts or practices in consumer transactions. *See Iadanza v. Mather,* 820 F.Supp. 1371, 1379 n. 12 (D.Utah 1993). Because it is a model statute rather than federal or state law, the UDTPA does not provide injured consumers a cause of action in federal or

a

■ Section 1125(a) of the Lanham Act does not expressly confer a cause of action for consumers under either the false association prong, § 1125(a)(1)(A), or the false advertising prong, § 1125(a)(1)(B). Therefore, this court must determine whether such a private remedy is implicit in the statute.

15 U.S.C. § 1125(a)(1) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services, ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

■ In *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court set out the relevant factors for making the determination whether a statute confers a private right of action: (1) the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) there is any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one; (3) it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff; and (4) the cause of action is one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law.

Courts that have addressed the question agree that there is no private cause of action for consumers as to the false advertising prong. The courts rely primarily on the fact that the stated purpose of the Lanham Act is to "protect persons engaged in ... commerce against unfair competition." 15 U.S.C. § 1127. The Third Circuit, in *Serbin v. Ziebart Int'l Corp.*, 11 F.3d 1163, 1178 (3d Cir. 1993), also recognized that state law has traditionally provided consumers with remedies for losses incurred from misrepresentation. "State courts have substantial authority in this field by virtue of judge-made misrepresentation law, and some state legislatures have, through such legislation as the Uniform Deceptive Trade Practices Act, undertaken to widen this authority." *Id.* The Third Circuit further reasoned that

> [g]iven this commitment of institutional resources to the cause of consumers injured by false advertising, if Congress had intended to make the additional commitment involved in recognizing a federal tort of misrepresentation and in bestowing access to federal fora without regard to the amount in issue, we are confident that the legislative history of the Lanham Act would have borne clear witness to that commitment. Because we find no clear indication of such an unusual commitment and because we are satisfied that section 43(a) had an important, though narrower and quite distinct purpose, we join the Second Circuit in holding that Congress, when authorizing federal courts to deal with claims of false advertising, did not contemplate that federal courts should entertain claims brought by consumers.

*Id.* at 1178–79. The Third Circuit also found support for its conclusion of no consumer standing from the fact that while Congress contemplated language authorizing consumer suits under § 43(a) of the Lanham Act, the actual 1988 amendments to the provision did not include such language. *Id.* at 1177–80.[6]

---

state court. Therefore, the UDTPA cannot confer federal question jurisdiction on this court.

**6.** The House Judiciary Committee originally reported a bill that would have amended § 43(a) to authorize "any person, *including a consumer,* who believes that he or she is or is likely to be damaged by the use of any such false description or representation." *Serbin,* 11 F.3d at 1178 (em-

In *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir.1995), the Ninth Circuit further clarified the standing requirements by holding that in order to satisfy standing under § 1125(a)(1)(B), the plaintiff must "allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e. harmful to the plaintiff's ability to compete with the defendant." *Accord Serbin*, 11 F.3d at 1177.

The Fifth Circuit has not conclusively addressed the issue of consumer standing under § 1125(a)(1)(B). In *Seven–Up Co. v. Coca–Cola Co.*, 86 F.3d 1379 (5th Cir.1996), however, the Fifth Circuit discussed the question in a case in which no consumers were parties. The panel noted that most courts addressing the issue agree that "in light of the pro-competitive purpose language found in § 45, 'consumers fall outside the range of "reasonable interests" contemplated as protected by the false advertising prong of Section 43(a) of the Lanham Act.'" *Id.* at 1383 (quoting *Serbin*, 11 F.3d at 1177). The Fifth Circuit also recognized that courts have interpreted this pro-competitive purpose as conferring standing only on plaintiffs who can prove "that [their] interests have been harmed by a competitor's false advertising." *Id.* (quoting *Gordon and Breach Science Publishers v. American Inst. of Physics*, 859 F.Supp. 1521, 1533 (S.D.N.Y.1994)).

In light of the *dicta* in *Seven–Up* and the decisions of the other circuits that have addressed this issue, the court holds that plaintiffs do not have a private right of action to bring a claim under § 1125(a)(1)(B) because they are consumers who are not even arguably engaged in any commercial activity that would be subject to competitive injury protected by the Lanham Act.

**b**

■ Whether consumers can maintain a private cause of action under the false association prong of § 43(a) has not been addressed by the courts to the same extent as a consumer cause of action under the false advertising prong. Only the Ninth Circuit explicitly has held that no private cause of

action exists for consumers under the false association prong. In *Barrus* the Ninth Circuit stated that in order to have standing, the plaintiff must "allege commercial injury based upon the deceptive use of a trademark or its functional equivalent. No 'actual competition' between the litigants [is] required." *Barrus*, 55 F.3d at 469–70 (citations omitted); *see also Waits v. Frito–Lay, Inc.*, 978 F.2d 1093, 1108–10 (9th Cir.1992).

The court now turns to the *Cort* factors for further guidance. As discussed *supra* at § III(B)(3)(a), the commercial purpose of the Lanham Act and the existence of judicially and statutorily created state law remedies for misrepresentation indicate that no private remedy for consumers is implicit in the false association prong of § 43(a). Accordingly, the court holds that plaintiffs do not have a private right of action to bring a claim under § 1125(a)(1)(A) because they have made no showing of any commercial injury. Because plaintiffs do not have a private right of action, the court holds that they have failed to state a claim on which relief can be granted.

**IV**

Plaintiffs sue Santa Fe on state-law claims of misrepresentation, operating ski lifts in a harmful and unsafe manner, and slander and defamation per se, and sue Alamo for breach of an implied contract. Santa Fe moves to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process. Alamo moves to dismiss based on lack of subject matter jurisdiction, failure to state a claim, and improper venue. Because the court lacks diversity jurisdiction and plaintiffs have failed to allege federal-law claims on which relief can be granted, the court will dismiss these state claims without prejudice unless plaintiffs can cure the deficiencies in their complaint.

**V**

The court raises *sua sponte* its intent to dismiss plaintiffs' suit against defendant Doubletree.

phasis in original) (citation omitted). This amendment would have provided consumer standing under both prongs of § 43(a). The pro-

vision was deleted, however, in a House–Senate Conference Committee. *Id.*

On October 17, 1997 Doubletree filed a motion to dismiss for lack of subject matter jurisdiction. The court denied the motion on October 20, 1997 because the motion "appear[ed] to assume that plaintiffs must have an independent jurisdictional basis to sue each defendant." Oct. 20, 1997 Order at 1. The court expressly noted, however, that it was not concluding that there was diversity of citizenship jurisdiction or that if the federal-law claims were later dismissed, that it would vary from its usual practice of declining to exercise supplemental jurisdiction of remaining state-law claims. *Id.* at 1–2. The court has now addressed the merits of plaintiffs' federal-law claims. It appears that diversity is lacking and that there are no federal-law claims that can be sustained. Dismissal of plaintiffs' claims against Doubletree would follow from the reasoning set out in today's opinion. Accordingly, plaintiffs shall have 30 days to establish a basis to maintain this suit in federal court against Doubletree.

\*     \*     \*     \*     \*     \*

The court grants the motions to dismiss of defendants SWA, Mark Travel, Santa Fe, and Alamo for the reasons stated and otherwise denies defendants' motions. The court grants plaintiffs 30 days in which to amend their complaint in the manner required to maintain jurisdiction in this court. If plaintiffs fail to amend, or they amend but are unable to cure the deficiencies identified in this decision, the court will dismiss the federal-law claims with prejudice and dismiss the state-law claims without prejudice to their being refiled in a proper state court.

**SO ORDERED.**